UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL BRANNAN,  )
           Plaintiff,  )   Case No.: 2:16-cv-01004-GMN-GWF
    vs.  )
             )   **ORDER**
BANK OF AMERICA; NATIONAL  )
DEFAULT SERVICING CORPORATION,  )
             )
           Defendants.  )
             )

Pending before the Court is the Motion to Dismiss, (ECF No. 4), filed by Defendant Bank of America, N.A. ("BANA"). Plaintiff Michael Brannan ("Plaintiff") filed a Response, (ECF No. 21), and BANA filed a Reply, (ECF No. 23). For the reasons discussed below, BANA's Motion to Dismiss is **GRANTED**.[1]

**I.     BACKGROUND**

The instant dispute arises from BANA's attempts to foreclose on real property located at 2204 Night Parrot Avenue, North Las Vegas, NV 89148 ("Property"). (Compl. ¶¶ 7, 20, ECF No. 1-2). On August 6, 2007, Plaintiff purchased the Property, giving lender Countrywide Bank, FSB, a promissory note for $282,478.00 secured by a Deed of Trust against the Property. (Ex. A to MTD, ECF No. 4-1). On July 20, 2011, Countrywide Bank, FSB, assigned the Deed of Trust to BAC Home Loans Servicing, LP. (Ex. B to MTD, ECF No. 4-1). BANA is successor to BAC Home Loans Servicing, LP, by merger. (Ex. C to MTD, ECF No. 4-1).

After Plaintiff defaulted on the Loan, BANA recorded a Notice of Default against the Property on September 18, 2013. (Ex. D to MTD, ECF No. 4-1). Plaintiff requested mediation

---

[1] Also pending before the Court is Plaintiff's Motion to Dismiss the June 27, 2016 mediation regarding the Property as well as the resulting findings. (*See* Pl.'s MTD, ECF No. 36). Because the Court dismisses Plaintiff's Complaint, the Court denies Plaintiff's Motion as moot.

pursuant to Nevada's foreclosure mediation program, and mediation occurred on February 4, 2014. (Compl. ¶ 11).  Following mediation, the mediator declined to issue a certificate of foreclosure allowing the foreclosure to proceed. (Ex. 2 to Compl. at 16, 20, ECF No. 1-2).

Rather than continue to pursue foreclosure under the September 18, 2013 Notice of Default, BANA recorded a second Notice of Default on March 16, 2016. (Ex. E to MTD, ECF No. 4-1).  Plaintiff alleges that BANA's most recent attempt to foreclose is "in violation of the mediation process." (Compl. ¶ 20).  Further, Plaintiff alleges that he "has experienced great stress and anxiety over the lack of concern and good faith displayed by the Defendant." (*Id.* ¶ 21).

Based on these allegations, Plaintiff alleges the following causes of action against BANA and Defendant National Default Servicing Corporation ("National Default")[2]: (1) specific performance; (2) temporary injunctive relief; (3) intentional infliction of emotional distress; (4) declaratory relief; (5) quiet title; (6) breach of the covenant of good faith and fair dealing. (*Id.* ¶¶ 22–47).  In the instant Motion to Dismiss, BANA requests that the Court dismiss all of the claims against it. (MTD 1:21–2:2, ECF No. 4).

---

[2] The Court notes that on June 6, 2016, Defendant National Default Servicing Corporation ("National Default"), trustee under the Deed of Trust, filed a Declaration of Non-Monetary Status, (ECF No. 13). Under Nevada law, if the trustee under a deed of trust is named in an action in which the deed of trust is the subject and the trustee has a reasonable belief that he or she has been named in the action solely in his or her capacity as trustee and not as a result of any wrongful act or omission made in the performance of his or her duties as trustee, the trustee may, at any time, file a declaration of nonmonetary status. NRS § 107.029(1). If no party files an objection to the declaration within fifteen-days,

> the trustee is not required to participate any further in the action and is not subject to any money damages or attorney's fees or costs, except that the trustee is required to respond to any discovery request as a nonparty participant and is bound by any court order relating to the deed of trust.

*Id.* § 107.029(5).  No objection was filed to National Default's Declaration, and the time to do so has passed. Accordingly, National Default shall be considered a nonmonetary or nominal defendant for the purposes of this action.

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

As a preliminary matter, Plaintiff's Response, (ECF No. 21), fails to address BANA's substantive arguments regarding Plaintiff's claims for specific performance, intentional infliction of emotional distress, or breach of covenant of good faith and fair dealing. Instead,

Plaintiff's Response merely levels additional factual allegations against BANA without addressing the merits of BANA's Motion. (*See* Resp. 3:10–15). Because Plaintiff has failed to respond properly to BANA's Motion, the Motion pertaining to these claims can be granted. *See* L. R. 7-2(d).

Turning to Plaintiff's remaining claims, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### A. Quiet Title

Under Nevada law, a claim to quiet title "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013). A quiet title claim "does not require any particular elements, but each party must plead and prove his or her own claim to the property in question." *Id.*

Plaintiff has failed to state a claim for quiet title because he fails to allege that the underlying loan is not in default. *See Bergsrud v. Bank of Am., N.A.*, No. 2:13-cv-998 JCM VCF, 2014 WL 664662, at *3 (D. Nev. Feb. 19, 2014) ("Plaintiff's first cause of action for both quiet title and wrongful foreclosure fails as a matter of law because plaintiff does not allege that the loan was not in default at the time of the foreclosure sale."). Indeed, Plaintiff admits in his Response that the Complaint "does not specifically allege that the underlying note was not in default." (Resp. 4:23–24, ECF No. 21). Accordingly, the Court dismisses Plaintiff's claim for quiet title without prejudice.

### B. Declaratory Relief and Injunction

Plaintiff's Fourth Claim for Relief titled "Declaratory Relief" seeks "a judicial declaration in which 1) [the Court find] that any delinquency in mortgage payments occurred at the direction of [BANA] during the course of the loan modification process." (Compl. ¶ 35). Plaintiff also asks that the Court "orders the Defendant to correct any negative notations on the

Plaintiff's credit report which it may have issued during the course of the loan modification process." (*Id.*). In addition, Plaintiff's Second Claim for Relief seeks "temporary, preliminary and injunctive relief to enjoin" foreclosure against the Property during the pendency of this action. (*Id.* ¶ 28).

"[D]eclaratory relief and permanent injunction are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not separate causes of action." *Freeto v. Litton Loan Serv. LP*, No. 3:09-cv-00754-LRH, 2011 WL 112183, at *3 (D. Nev. Jan. 12, 2011). Accordingly, because the underlying causes of action have been dismissed, the Court similarly dismisses any remedies that would have been available against BANA.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that BANA's Motion to Dismiss, (ECF No. 4), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, (ECF No. 1-2), is **DISMISSED without prejudice.** Plaintiff shall have twenty-one days from the date of this Order to file an amended complaint. Failure to file an amended complaint by this date shall result in the dismissal of Plaintiff's claims with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Mediation and Findings, (ECF No. 36), is **DENIED as moot**.

**DATED** this __15__ day of November, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge