# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL BRANNAN,

        Plaintiffs,

vs.

BANK OF AMERICA, *et al.*,

        Defendants.

Case No. 2:16-cv-01004-GMN-GWF

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Sanctions of Default Judgment for Plaintiff (ECF No. 52), filed on August 8, 2017. Defendant Bank of America filed an Opposition and a Countermotion for Sanctions for Failure to Participate in Discovery (ECF No. 60) on August 22, 2017. Plaintiff did not file a reply or response to Defendants' countermotion. The Court conducted a hearing in this matter on September 5, 2017. Plaintiff did not appear at the hearing.

## BACKGROUND

Plaintiff purchased property located at 2204 Night Parrot Avenue, North Las Vegas, Nevada 89148 in August 2007. *Amended Complaint* (ECF No. 42), ¶ 7. This property was obtained through a mortgage loan, and secured through a deed of trust. ¶ 8. Plaintiff asserts that he paid his mortgage loan in full at an accelerated rate and owns the property free and clear. ¶ 9. Defendant, however, argues that the loan is currently in default because Plaintiff stopped making his monthly payments in July 2010, and the unpaid principal balance owed on the loan is currently $273,3913.46. *Amended Motion for Summary Judgment* (ECF No. 57), pg. 2. Defendant filed its first notice of default on September 18, 2013. *Id.* Thereafter, the parties participated in mediation pursuant to Nevada's foreclosure mediation program. The mediator did not issue a certificate of foreclosure due to Defendant's failure to bring the required documents. *Id.* Following the mediation, Defendant filed a

second notice of default and election to sell on March 16, 2016. *Id.*

On April 1, 2016, Plaintiff initiated this lawsuit by filing a complaint against Defendants alleging claims for specific performance, temporary injunctive relief, intentional infliction of emotional distress, declaratory relief, quiet title, and breach of covenant of good faith and fair dealing. *See Petition for Removal* (ECF No. 1), Exhibit A; *see also Amended Complaint* (ECF No. 42). Plaintiff alleges that Defendant's intention to proceed with the foreclosure is in violation of Nevada's foreclosure mediation rules because the mediator declined to issue a certificate of foreclosure. *Amended Complaint* (ECF No. 42), ¶ 23. Moreover, Plaintiff maintains that he owns the property free and clear. ¶¶ 9-10.

On August 8, 2017, Plaintiff filed his instant motion for sanctions requesting the Court to enter default judgment against Defendant Bank of America for spoilation of evidence. Specifically, Plaintiff asserts that Defendant was in possession of Plaintiff's corporate bank records that would have shown that he paid the subject mortgage loan in full, but Defendant has a policy to only retain records for a period of seven years. *Motion for Sanctions* (ECF No. 52), pg. 3. Because of this policy, Defendant no longer maintains the records that would support Plaintiff's claims. Plaintiff asserts that Defendant should not have destroyed his records because they were on notice of Plaintiff's claims since 2013. *Id.* Defendant argues that there is no basis for Plaintiff's request and countermoves for sanctions for Plaintiff's failure to engage in discovery. *Opposition and Countermotion* (ECF No. 60). Defendant asserts that Plaintiff has not provided any initial disclosures, failed to respond to Defendant's written discovery requests, failed to propound written discovery on Defendant and failed to appear for two properly noticed depositions. *Id.* at pg. 2. For these reasons, Defendant requests an order from the Court that precludes Plaintiff from offering any evidence to support his claims. *Id.* at pgs 5-6.

## DISCUSSION

### I. Spoilation Sanctions

A party has a duty to preserve evidence that it knows or should know is relevant to a claim or defense of any party in the litigation. The duty to preserve evidence arises prior to litigation when the person knows that litigation is probable. *In re Napster Inc. Copyright Litigation*, 462 F.Supp.2d

1060, 1068 (N.D.Cal. 2006) (citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)). "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *LaJocies v. City of North Las Vegas*, 2011 WL 1630331, *1 (D.Nev. 2011). "[I]f relevant evidence has been shown to exist, and if the possessor of that evidence was on notice that the evidence was potentially relevant to litigation which was reasonably foreseeable, and if that party failed to take reasonable steps to preserve it, sanctions may be imposed upon that party." *Fernandez v. Centric*, 2014 WL 2042148, at *4 (D. Nev. May 16, 2014).

"A party seeking sanctions for spoliation of evidence must prove the following elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery of the spoliated evidence [.]" *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011). The moving party has the burden "to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination, that access to the lost material would have produced evidence favorable to its cause." *United States v. Town of Colorado City, Ariz.*, 2014 WL 3724232, at *7 (D. Ariz. July 28, 2014). The absence of evidence must be prejudicial to the party alleging spoliation of evidence. *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 627 (C.D. Cal. 2013).

A spoliation remedy requires some degree of culpability. *In re Napster*, 462 F.Supp.2d 1060, 1067 (N.D.Cal.2006). Yet "Courts have not been uniform in defining the level of culpability—be it negligence, gross negligence, willfulness, or bad faith—that is required before sanctions are appropriate for evidence destruction." *Reinsdorf*, 296 F.R.D. at 627 (citing *Ashton v. Knight Transp., Inc.*, 772 F.Supp.2d 772, 800 (N.D.Tex.2011)). In the Ninth Circuit, bad faith is not required to warrant an imposition of sanctions. *Reinsdorf*, 296 F.R.D. at 627. A party's motive or degree of fault is, however, relevant to what sanction, if any, is imposed. *Id.* For example, the Ninth Circuit has held that "[o]nly willfulness, bad faith, and fault" justify terminating sanctions and courts in this circuit have found that an adverse inference instruction may be warranted where evidence

destruction was willful or grossly negligent. *Id.* Further, many courts in this circuit have instructed that "the culpable state of mind includes negligence." *Id.* at 628. *See also FTC v. Lights of America Inc.*, 2012 WL 695008 at *2 (C.D.Cal. Jan. 20, 2012); *Housing Rights Center v. Sterling*, 2005 WL 3320739 at *8 (C.D.Cal. Mar. 2, 2005); *Cottle–Banks v. Cox Communications, Inc.*, 2013 WL 2244333 at *14 (S.D.Cal. May 21, 2013); *Aguirre v. Home Depot U.S.A., Inc.*, 2012 WL 3639074 at *3 (E.D.Cal. Aug. 23, 2012).

Plaintiff has not met his burden to warrant spoilation sanctions. Plaintiff's motion does not present the Court with any evidence to support his assertion that Defendant failed to preserve the bank records he alleges once existed. Plaintiff does not provide an account number for this alleged bank account or the name of the corporation who would have been listed on the account. Moreover, Plaintiff does not (because he cannot) state that he has requested these records from Defendant during discovery, only that he allegedly went into a branch and requested them in person. For these reasons, the Court finds that Plaintiff's motion has no merit.

## II. Preclusion Sanctions

Rule 37 of the Federal Rules of Civil Procedure provides the court with a wide range of sanctions for a party's failure to adequately engage in discovery. "The Rule provides a panoply of sanctions, from the imposition of costs to entry of default." *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C.), aff'd, 166 F.R.D. 367 (M.D.N.C. 1996). "Discovery sanctions serve the objectives of discovery by correcting for the adverse effects of discovery violations and deterring future discovery violations from occurring." *Taylor v. Illinois*, 484 U.S. 400, 425 (1988). The Ninth Circuit reviews a district court's sanction order under an abuse of discretion standard. *Sigliano v. Mendoza*, 642 F.2d 309 (9th Cir. 1981); *See also United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980); *David v. Hooker, Ltd.*, 560 F.2d 412, 418-19 (9th Cir. 1977); 6 J. Moore, Federal Practice s 37.08 (2d ed. 1976). Thus, the district court has great latitude in imposing sanctions under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425–26 (9th Cir. 1985).

Defendant requests preclusion sanctions pursuant to Rule 37(c). This rule comes into play when a party has failed to provide disclosures as required by Rule 26(a) or (e) and specifically states that a party is not allowed to introduce information or identify witnesses to supply evidence on a

motion, at a hearing, or at trial, unless the party can show that failure to make the Rule 26 disclosure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). In addition to this sanction, a district court may also impose sanctions listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(c)(1)(C). A district court may prohibit a "disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). When these sanctions amount to a dismissal of a claim, the district court is required to make a finding of willfulness, fault, or bad faith, and to consider the availability of lesser sanctions. *R & R Sails, Inc. v. Insurance Company of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir.2012).

Upon review of the facts and circumstances of this case, the Court finds that preclusion sanctions pursuant to Rule 37(c) are warranted. Plaintiff has entirely failed to participate in discovery in his case and failed to oppose Defendant's instant motion, either in writing or orally at the time set for hearing.[1] Plaintiff did not make initial disclosures as required by Rule 26(a), nor did he appear for two properly noticed depositions or respond to Defendant's written discovery requests. Plaintiff's failure to participate cannot be found to be anything other than willful and done in bad faith. The Court finds that there are no less drastic sanctions available that would suffice to move this case forward. It is unlikely that a monetary sanction would have any effect on Plaintiff. Therefore, the Court recommends that Plaintiff be precluded from offering any evidence in support of his claims at summary judgment or at trial. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions of Default Judgment for Plaintiff (ECF No. 52) is **denied**.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Countermotion for Sanctions (ECF No. 60) be **granted** as follows: Plaintiff should be precluded pursuant to Fed. R. Civ. P. 37(c) from offering evidence to support his claims at summary judgment or at trial.

---

[1] Pursuant to Local Rule (LR) 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, ... constitutes a consent to the granting of the motion."

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 13th day of September, 2017.

_____
GEORGE FOLEY, JR
United States Magistrate Judge